**HASBANI & LIGHT, P.C.**
Rafi Hasbani, Esq.
450 Seventh Avenue, Suite 1408
New York, New York 10123
Tel: (212) 643-6677
Email: rhasbani@hasbanilight.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EDWARD BROWN,

                                                  Case No.:

                                              **COMPLAINT**

          Plaintiff,

-against -

FARHANA MOSTAFA, 2100 SCHENECTADY INC., CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, "JOHN DOE" and "JANE DOE," the last two names being fictitious, said parties intended being tenants or occupants, if any, having or claiming an interest in, or lien upon, the premises described in the complaint,

                             Defendants.
-------------------------------------------------------------------X

Plaintiff, EDWARD BROWN ("BROWN" or "Plaintiff") by his attorneys Hasbani & Light, P.C., hereby alleges upon information and belief.

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 et seq., to foreclose on a mortgage encumbering the property commonly known as 2100 Schenectady Avenue, Brooklyn, NY 11234, Block: 7871 Lot: 54, in the County of Kings and State of New York (the "property" or the "premises"). A copy of the Schedule "A" describing the property in further detail is annexed hereto as **Exhibit A**.

1

## **PARTIES**

2.  Edward Brown ("Plaintiff") is an individual and is a resident and citizen of the state of California.

3.  Upon information and belief, Defendant FARHANA MOSTAFA ("Mostafa"), is a resident and citizen of the State of New York who resides at 2100 Schenectady Avenue, Brooklyn, NY 11234. Ms. Mostafa is a necessary party to this action by virtue of the fact that she (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; and (iii) is a Mortgagor under the Mortgage.

4.  Defendant 2100 SCHENECTADY INC. is a resident and citizen of the State of New York, having an address of 1676 Dean Street, Brooklyn, NY 11213. 2100 SCHENECTADY INC. is a necessary party to this action because it is a subordinate mortgagee on the Property.

5.  Defendant City Of New York Environmental Control Board ("ECB") is a governmental entity organized in the State of New York. ECB upon information and belief has an address of 59-17 Junction Boulevard, Corona, NY 11369. ECB is a necessary party to this action because it is a judgment creditor on the Property.

6.  Defendants "JOHN DOE" and "JANE DOE" are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Property. *See* NYRPAPL §§ 1311, 1312 and 1313.

7.  Each of the above-named defendant(s) has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

8. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

9. Venue is deemed proper in this district pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

10. On or about August 13, 2009, as evidence of a loan in the amount of $287,500.00 (the "Loan"), Mostafa executed and delivered to Wall Street Mortgage Bankers, Ltd, d/b/a Power Express, A New York Corporation (the "Lender") a promissory note dated August 13, 2009 (the "Note"). Pursuant to the terms of the Note, Mostafa promised to pay the Lender, or the subsequent holder of the Note the principal sum of $287,500.00. A copy of the Note is attached as **Exhibit B**.

11. In order to collaterally secure the aforesaid Loan, on the same day, Mostafa duly executed, acknowledged and delivered a mortgage to the Lender (the "Mortgage"). A copy of the Mortgage is attached as **Exhibit C**. The Mortgage encumbers the Property. Said mortgage was recorded in the office of the County Clerk, County of Kings on September 4, 2009, at CRFN 2009000286203.

12. Said loan was ultimately assigned to Plaintiff by the indorsements to the note and was memorialized in writing by an assignment of mortgage. *See,* a copy of the indorsement to the Note attached as **Exhibit B** and copies of Assignments of Mortgage attached as **Exhibit D**.

13. Therefore, Plaintiff has standing to foreclose on the Mortgage by way of its possession of the Note, payable in Plaintiff's favor.

14. By agreements dated August 4, 2014, October 29, 2018, and September 27, 2022, the loan was modified. See recorded Loan Modification Agreements attached as **Exhibit E.**

15. Pursuant to the Mortgage, in any lawsuit for foreclosure, the Lender or its successors or assigns possesses the right to collect all costs and disbursements and additional allowances allowed by the applicable law and will have the right to add all reasonable attorneys' fees to the amount owed to Lender or its successor-in-interest which fees shall become part of the sums secured. *See,* **Exhibit C**.

16. Mostafa defaulted under the terms of the Note, Mortgage, and the current loan modification agreement for the payment due on November 1, 2022 (the "Default").

17. On July 21, 2023, BROWN complied with the contractual provisions in the Note and Mortgage by mailing a 30-Day Notice (the "Default Notice") to Mostafa advising of a possible acceleration of the loan and continuing default under the Note and Mortgage together if not cured.

18. On July 21, 2023, BROWN complied with the requirements of RPAPL §1304 by mailing a 90-Day Notice (the "90 Day Notice") to Mostafa advising of possible legal action if the default under the Note and Mortgage together was not cured.

19. Under the terms and conditions of the Note and Mortgage, the unpaid principal balance under the Note and Mortgage is $256,314.49. Plaintiff is also entitled to collect all unpaid interest and fees due under the Note and Mortgage.

20. During the pendency of this action, Plaintiff, in order to protect the lien of the Mortgage, may be compelled to pay sums due on prior mortgages, insurance premiums, tax assessments, water rates, sewer rates, and other expenses or charges affecting the Property described and Plaintiff prays that any such amounts so paid and so extended during the pendency of this action may be added to its claim and repaid from the proceeds of the sale of the Property

4

together with interest thereon, from the date of making such expenditures, so that the same may be added to, and secured by, the Note and Mortgage.

21. Plaintiff has complied with section 1306 of the Real Property Actions and Proceedings Law, and the Mortgage was originated in compliance with all provisions of section 595-a of the Banking Law and any rules or regulations promulgated there under, and, if applicable, sections 6-1 or 6-m of the Banking law.

22. Each of the above-named defendant(s) has or claims to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the Mortgages.

## AS AND FOR A SECOND CAUSE OF ACTION

23. Plaintiff repeats and realleges all of the above allegations in paragraphs 1 – 23 as if again set forth. By reason of the aforesaid provisions set forth in the Note and Mortgage, there is due and owing the plaintiff from defendants, reasonable attorneys' fees, plus costs and disbursements, for which demand is hereby made.

**WHEREFORE**, the Plaintiff demands judgment that the Defendants herein as follows:

a) On the First Cause of Action that all persons claiming under them or any or either of them subsequent to the commencement of this action may be forever barred and foreclosed of all right, claim, lien and equity of redemption in the said Property; that the said premises may be decreed to be sold according to law in "as is" physical order and condition, subject to any covenants, easements, restrictions and reservations of record; any violations of record; any state of facts an accurate survey may show; any zoning regulations or amendments thereto; rights of tenants or persons in possession of the subject premises; any prior mortgage liens of record; any prior lien of record;

and any advances or arrears hereunder; that this Court forthwith appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties; that monies arising from the sale may be brought into court; that plaintiff may be paid the amount due on said note and mortgage with interest to the time of such payment, attorney's fees, as set forth in the mortgage, the costs of this action and the expenses of said sale so far as the amount of such monies properly applicable thereto will pay the same; and the application of the proceeds pursuant to the provisions contained in such judgment, the amount thereof to be determined by the Court as provided in § 1371 of the RPAPL;

b) On all causes of action together with Plaintiff's costs and attorneys' fees;

c) And such other and further relief as this Court shall deem just and proper.

Dated: December 28, 2023
New York, New York

By: */s/ Rafi Hasbani*
Rafi Hasbani, Esq.
Attorneys for Plaintiff
450 Seventh Avenue, Ste 1408
New York, New York 10123
rhasbani@hasbanilight.com
Tel: 212.643.6677